(34 Misc. Rep. 476.)

### LYLE et al. v. BENNETT.

(Supreme Court, Trial Term, Kings County. April, 1901.)

SALE—COMMISSION—RATIFICATION OF AGENT'S ACT.
>  Where attorney of mortgagee, without authority, informs real-estate agents that if, on foreclosure, his client bids in the premises, she will desire to sell them, and gives them the key of the building, and they place their bills thereon and find a purchaser therefor, and the owner of the building makes deeds to such purchaser after bidding it in at the sale, it is such a ratification of the act of her attorney as renders her liable to the agent for commissions.

Action by Jabez M. Lyle and others against Mary S. Bennett. Judgment for plaintiffs.

Charles S. Taber, for plaintiffs.
George M. Baker, for defendant.

HOUGHTON, J. The plaintiffs are real-estate brokers. The action is for commissions. The defendant held a mortgage upon the premises in question, on which she had begun foreclosure. Her attorney in the foreclosure action informed the plaintiffs that, in case the defendant bid in the premises on the foreclosure sale, she would desire to sell, and placed the property in the plaintiffs' hands to find a purchaser in case that event happened. The plaintiffs had the key to the premises, which were vacant, and placed their bills on the building. The defendant did bid in the premises, but her attorney in the foreclosure proceedings had no authority from her to employ plaintiffs to make a sale of her property in case she became the owner. Although there is conflict of testimony, yet I think the

defendant ratified these unauthorized acts of her unauthorized agent. Before the sale under the foreclosure, the plaintiffs had procured a purchaser, if proper terms could be had, in the person of Mr. Seinsoth, who occupied premises adjoining. Immediately after the sale the defendant and her husband and the attorney in the foreclosure proceedings came to the real-estate office of the plaintiffs, and, with one of the plaintiffs, visited the property and talked of its condition and need of repairs; and the defendant announced that she would sell, rather than attempt to repair. The plaintiff Lyle then told the defendant and her husband that he had been talking with Mr. Seinsoth, next door, and that he thought he would buy as soon as they would fix the price, if it was reasonable, and that he had been trying to sell to him for some time, and thought he wanted it, if the defendant would make a proper figure. Lyle then went back to his office, and the defendant's husband, with the defendant's assent, immediately saw Seinsoth, and bargained with him for the purchase of the property, without further consulting the plaintiffs. I think this constituted a ratification of the unauthorized acts of her attorney in the foreclosure action, if, indeed, it does not constitute an original employment. The defendant knew the plaintiffs' business was selling real estate for clients. Their handbills were on the premises. While all parties were at the premises, the defendant said she wanted to sell, and the plaintiff Lyle said he had been trying to sell, and had a man who would purchase, and told who he was; and the defendant accepted plaintiffs' services, and took the fruit of their labor in that respect, and immediately interviewed the probable purchaser and sold to him. Thus, the sale was effected through the plaintiffs' agency, as they were the means of bringing the defendant and the purchaser together, from which the sale resulted. The facts of the case make it quite distinguishable from Sibbald v. Iron Co., 83 N. Y. 378, 38 Am. Rep. 441, and Fowler v. Hoschke, 53 App. Div. 327, 65 N. Y. Supp. 638, upon which the defendant relies; for here there was a ratification of the service, and an acceptance of its result. The plaintiffs are entitled to the judgment demanded, and a decision may be drawn accordingly.

Judgment for plaintiffs.